# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

REGINALD DUNAHUE                                                                PLAINTIFF
ADC # 106911

V.                         No. 2:23-CV-165-JM-JTR

DEXTER PAYNE, Director, ADC;
SARAH SANDERS, Governor;
WILLIAM STRAUGHN, Deputy
Director, ADC; MOSES JACKSON,
Warden, Brickey's Unit, ADC;
CHRISTOPHER JOHNSON, Deputy
Warden, Brickey's Unit, ADC;
TYRONE ALLISON, Major, Brickey's
Unit, ADC; SHIRLEY BELL, Captain,
Brickey's Unit, ADC; MORIEON
KELLY, Lieutenant, Brickey's Unit,
ADC; LEAVY WATSON, Lieutenant,
Brickey's Unit, ADC; FRANKLIN
GRAHAM, Sergeant, Brickey's Unit,
ADC; T. WESTBROOK, Sergeant,
Brickey's Unit, ADC; MAURICE
CULCLAGER, Warden, Brickey's
Unit, ADC                                          DEFENDANTS

## **ORDER**

On July 31, 2023, Plaintiff Reginald Dunahue ("Dunahue"), a convicted prisoner in custody at the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"), filed a 314-page *pro se* § 1983 Complaint alleging that Arkansas Governor Sarah Sanders and numerous ADC officials (collectively, "Defendants") violated his constitutional rights. *Doc. 1.*

I.  Discussion

Before Dunahue can proceed with his claims, 28 U.S.C. § 1915A requires the Court to screen his Complaint, which "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal*, 556 U.S. at 678. Finally, a prisoner's § 1983 Complaint must allege facts sufficient to show how each defendant was *personally involved* in the alleged constitutional wrongdoing. *Id*. at 676 (emphasis added).

A.  **Dunahue's Allegations**

Dunahue's 314-page Complaint is composed of: a partial 42 U.S.C. § 1983 form; allegations written on plain paper that were filed in an earlier case but have the case number crossed out; a docket sheet from an earlier case; process receipts and returns; copies of ADC Health Service and Inmate Request Forms; memorandums and letters from the ADC to Dunahue, and numerous affidavits and grievances, among other things. *Doc. 1*. Dunahue's Complaint is difficult to follow. For example, he claims that his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments have been violated. *Id. at 31*. And his allegations vary from

not being provided eating utensils, to not receiving a mental health evaluation, to being placed in isolation without due process, to claims about conditions in his cell, to allegations that public funds are being misused, to complaints that drugs are being used in the prison, to retaliation, and other claims. But he does not keep his allegations regarding one claim, or in connection with one Defendant, in one area of his Complaint. Rather, the claims are scattered throughout the pleading.

### B. Deficiencies in Dunahue's Complaint

Dunahue, as a *pro se* litigant, is not "excused from complying with procedural rules, including Federal Rule of Civil Procedure 8 . . . which requires **a short and plain** statement showing the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct." *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (emphasis added). Dunahue's Complaint in its current form falls short of Rule 8's requirement.

Further, a plaintiff may make multiple claims against a sole defendant. FED. R. CIV. P. 18. But if a plaintiff wants to sue multiple defendants bring various claims, Rule 20 of the Federal Rules of Civil Procedure governs which defendants may be joined in a lawsuit. Rule 20 provides, in relevant part:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

**(B)** any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

If the right to relief does not arise out of the same transaction, occurrence, or series of transactions or occurrences, **and** no question of law or fact is common to all defendants, then the defendants are not properly joined in one lawsuit. In that event, the Court may sever claims or defendants from a case. FED. R. CIV. P. 21. As the Court interprets Dunahue's allegations, certain Defendants are not properly joined in this action.

### C. Opportunity to Amend

The Court will allow Dunahue thirty (30) days from the date of this Order to file an Amended Complaint to correct the deficiencies in his current pleading. Such Amended Complaint should provide a short, concise statement of a claim against a single defendant or multiple defendants that are properly joined.

Dunahue is placed on notice that, if he files the requested Amended Complaint, that pleading will supersede his original Complaint. *See In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Accordingly, his Amended Complaint should contain *the Defendant(s)* he seeks to name in this matter, the *claim(s)* he seeks to pursue in this action, and *the factual predicate* for his claim(s).

If Dunahue elects not to file an Amended Complaint, the Court will proceed to screen his Complaint. If Dunahue elects to stand on the allegations in his

4

Complaint, it is likely the Court will conclude that some or all of his allegations fail to state a claim for relief, or that his Complaint includes improperly joined defendants, and recommend dismissal without prejudice, as appropriate.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail Dunahue a § 1983 complaint form that is labeled "Amended and Substituted Complaint."

2. Dunahue will be allowed to file, within thirty (30) days of the date of this Order, an Amended and Substituted Complaint that complies with the instructions above. If Dunahue elects not to file a timely Amended and Substituted Complaint, the Court will screen his Complaint, and this may result in a recommendation for certain claims, or this action, to be dismissed without prejudice.

IT IS SO ORDERED this 25th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE