# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

REGINALD DUNAHUE                                                                PLAINTIFF
ADC # 106911

V.                          No. 2:23-CV-165-JM-JTR

DEXTER PAYNE, Director, ADC;
SARAH SANDERS, Governor;
WILLIAM STRAUGHN, Deputy
Director, ADC; MOSES JACKSON,
Warden, Brickey's Unit, ADC;
CHRISTOPHER JOHNSON, Deputy
Warden, Brickey's Unit, ADC;
TYRONE ALLISON, Major, Brickey's
Unit, ADC; SHIRLEY BELL, Captain,
Brickey's Unit, ADC; MORIEON
KELLY, Lieutenant, Brickey's Unit,
ADC; LEAVY WATSON, Lieutenant,
Brickey's Unit, ADC; FRANKLIN
GRAHAM, Sergeant, Brickey's Unit,
ADC; T. WESTBROOK, Sergeant,
Brickey's Unit, ADC; MAURICE
CULCLAGER, Warden, Brickey's
Unit, ADC                                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do

not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.   Introduction

On July 31, 2023, Plaintiff Reginald Dunahue ("Dunahue"), a convicted prisoner in custody at the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"), filed a 314-page *pro se* § 1983 Complaint alleging that Arkansas Governor Sarah Sanders and numerous ADC officials (collectively, "Defendants") violated his constitutional rights. *Doc. 1*. The Court pointed out that Dunahue's pleading failed to comply with Rule 8 of the Federal Rules of Civil Procedure and explained to Dunahue that his Complaint appeared to include improperly joined Defendants. *Doc. 5 at 3–4*. The Court gave Dunahue the chance to file an Amended and Substituted Complaint to cure the defects in his pleading. *Id. at 4*. Dunahue filed his Amended and Substituted Complaint on October 6, 2023. *Doc. 6*. The Court will now continue screening his claims.

## II.   Discussion

Before Dunahue can proceed with his claims, 28 U.S.C. § 1915A requires the Court to screen his Amended and Substituted Complaint, which "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also*

Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal*, 556 U.S. at 678. Finally, a prisoner's § 1983 Complaint must allege facts sufficient to show how each defendant was *personally involved* in the alleged constitutional wrongdoing. *Id*. at 676 (emphasis added).

### A.  Dunahue's Allegations

In his 8-page Amended and Substituted Complaint, Dunahue sued Dexter Payne, William Straughn, and Moses Jackson (collectively, "Defendants") in their personal and official capacities. *Doc. 6 at 1–2*. Dunahue limited his claims against these Defendants to allegations of corrective inaction. *Id. at 4–5*. But rather than set out specific allegations against each Defendant, Dunahue simply refers the Court to pages 5 to 314 of his original Complaint for the underlying facts. *Id*. For example, in his Amended and Substituted Complaint Dunahue alleges "Dexter Payne willfully disregard[ed] the violations of the Eighth and Fourteenth U.S. Constitutional Amendment rights of me—Reginald Dunahue by refusing to take remedial and corrective actions again the illegitimate torts presented and affirmed to on pages 5 to 315 of" his original Complaint. *Id. at 4*. Dunahue then asserts that "all Defendants maintain & stick to a long standing custom of being deliberately indifferent to the existence and commissions for unconstitutional deprivations related on pages 5 to

314" of his original Complaint. *Id. at 5, 11*. Dunahue seeks damages and injunctive relief. *Id. at 7*.

    **B.    Defendants Sanders, Johnson, Allison, Bell, Kelly, Watson, Graham, Westbrook, and Culclager**

Dunahue was on notice that his Amended and Substituted Complaint would supersede his original Complaint, rendering the original Complaint of no legal effect. *Doc. 5 at 4*. Dunahue did not name Sanders, Johnson, Allison, Bell, Kelly, Watson, Graham, Westbrook, or Culclager as Defendants in his Amended and Substituted Complaint, and he made no allegations against them in his statement of claim. *Doc. 6*. As such, there are no claims pending against Defendants Sanders, Johnson, Allison, Bell, Kelly, Watson, Graham, Westbrook, or Culclager and they should be terminated as parties to this action.

    **C.    Dunahue's Amended and Substituted Complaint Should Be Dismissed**

Dunahue's Amended and Substituted Complaint raises a corrective inaction claim against each Defendant as to each alleged violation in his original Complaint. As the Court noted in its initial screening order:

> Dunahue's 314-page Complaint is composed of: a partial 42 U.S.C. § 1983 form; allegations written on plain paper that were filed in an earlier case but have the case number crossed out; a docket sheet from an earlier case; process receipts and returns; copies of ADC Health Service and Inmate Request Forms; memorandums and letters from the ADC to Dunahue, and numerous affidavits and grievances, among other things. *Doc. 1*. Dunahue's Complaint is difficult to follow. For example, he claims that his rights under the First, Fourth, Fifth, Eighth,

4

and Fourteenth Amendments have been violated. *Id. at 31*. And his allegations vary from not being provided eating utensils, to not receiving a mental health evaluation, to being placed in isolation without due process, to claims about conditions in his cell, to allegations that public funds are being misused, to complaints that drugs are being used in the prison, to retaliation, and other claims. But he does not keep his allegations regarding one claim, or in connection with one Defendant, in one area of his Complaint. Rather, the claims are scattered throughout the pleading.

*Doc. 5 at 2–3*.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Dunahue's Amended and Substituted Complaint fails to meet Rule 8's requirements. The Amended and Substituted Complaint incorporates by reference 309 pages of Dunahue's original Complaint despite the Court's guidance that a short and plain statement of his claims is all that Dunahue needed to provide. *Doc. 5 at 3*.

Any Defendant would be hard pressed to file a meaningful responsive pleading to Dunhaue's Amended and Substituted Complaint, and the Court is just as hard pressed to properly screen Dunahue's claims. Again, the allegations in the original Complaint are not organized by claim or defendant, but are sprinkled throughout the 309 pages Dunahue incorporates by reference. A corrective inaction claim is based on a defendant's knowledge of previous violations of a similar nature. To determine if Dunahue stated a viable corrective inaction claim against any Defendant, it would be necessary to peruse all 309 pages searching for information

that would link a Defendant to a particular violation and establish deliberate indifference. This is not what Rule 8 contemplated by requiring a short and plain statement that puts a Defendant on notice of the claim against him. Instead, a "complaint must be sufficiently clear so [the] court or opposing party is not required to keep sifting through it in search of what it is plaintiff asserts." *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (affirming preservice dismissal where complaint failed to comply with Fed. R. Civ. P. 8, among other reasons) (internal citation omitted).

Further, Dunahue is a seasoned Plaintiff. He has filed at least 21 cases in this District. Upon being directed to submit an amended pleading in the past, Dunahue has done so in a way that allowed the Court to properly screen his claims. *See, e.g.*, *Dunahue v. Bolden*, 5:16-cv-105-BSM-JTR (E.D. Ark.) (10-page Amended and Substituted Complaint filed upon direction from the Court).

Dunahue, as a *pro se* litigant, is not "excused from complying with procedural rules, including Federal Rule of Civil Procedure 8 . . . which requires a short and plain statement showing the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct." *Cody*, 468 F. App'x at 645. As explained above, Dunahue's Amended and Substituted Complaint fails to meet Rule 8's standard by incorporating by reference 309 pages of his original, hard-to-follow Complaint. Under these circumstances, dismissal of Dunahue's Amended and

Substituted Complaint is appropriate. *Cody*, 468 F. App'x at 645; *Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming the preservice dismissal, under Rule 8, of a pro se prisoner's "rambling" 41-page complaint containing 303 exhibits); *Chandler v. Pogue*, 56 F. App'x 756 (8th Cir. 2003) (holding that a trial court did not abuse its discretion when it dismissed a pro se prisoner's complaint that failed to comply with Rule 8).

### III.   Conclusion

Dunahue has no pending claims against Defendants Sanders, Johnson, Allison, Bell, Kelly, Watson, Graham, Westbrook, and Culclager. These Defendants should be terminated from this action. Further, Dunahue's Amended and Substituted Complaint should be dismissed, without prejudice, for failing to meet the pleading standard of Rule 8 of the Federal Rules of Civil Procedure.

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants Sanders, Johnson, Allison, Bell, Kelly, Watson, Graham, Westbrook, and Culclager be TERMINATED as parties to this action.

2.   Dunahue's Amended and Substituted Complaint (*Doc. 6*) be DISMISSED, without prejudice.

3.   The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation would not be taken in good faith.

8

DATED this 11th day of October, 2023.

                                         _/s/ J. Thomas Ray_  
                                   UNITED STATES MAGISTRATE JUDGE

Case 2:23-cv-00165-JM    Document 7    Filed 10/11/23    Page 8 of 8